**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS AT KANSAS CITY**

| | |
|---|---|
| DE'LEAH JENKINS, )<br>Individually And On Behalf Of )<br>All Others, )<br>        )<br>    Plaintiffs, )<br>        )<br>vs.     )<br>        )<br>CARCO GROUP INC. )<br>Registered Agent: )<br>CT Corporation System )<br>111 Eighth Avenue )<br>New York, NY   10011 )<br>        )<br>    Defendant. ) | Case No.: 2:18-cv-2196<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** the Plaintiff, De'Leah Jenkins, by and through her attorneys, and on behalf of herself, the Putative Classes set forth below, and in the public interest, brings the following class action amended complaint against Defendant, Carco Group Inc., ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1. Defendant is a consumer reporting agency (as a "consumer reporting agency" is defined pursuant to the FCRA).

2. Defendant provided a consumer report concerning the Plaintiff to Synchrony.

3. Plaintiff brings this action against Defendant for violations of the FCRA.

4. Plaintiff seeks statutory damages, actual damages, injunctive relief, punitive damages, costs and attorneys' fees, and other appropriate relief pursuant to the FCRA.

## PARTIES

5. Plaintiff is a resident of Kansas City, Kansas. Plaintiff is a member of the Putative Classes defined below.

6. Defendant is a foreign company formed under the laws of Delaware doing business in Kansas and throughout the United States.

## JURISDICTION AND VENUE

7. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1331.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Plaintiff resides in Kansas, applied to work for Defendant in Kansas, and her claims arise, in substantial part, in Kansas. Defendant regularly conducts business in Kansas and is subject to personal jurisdiction in this district.

9. Plaintiff desires the trial to be held in the District Court of Kansas at Kansas City.

## FACTUAL ALLEGATIONS

10. The report provided by the Defendant to Synchrony contained information regarding the Plaintiff.

11. The report provided by the Defendant to Synchrony contained adverse information that should not have been included in the report.

12. The adverse information concerned Plaintiff's education.

13. The information concerning Plaintiff's education was identified in red bold lettering "ADVERSE."

14. The adverse information contained in the Defendant's report concerning the Plaintiff threatens her livelihood.

15. The adverse education information should not have been included in the report.

16. Based on information and belief, Synchrony took adverse action against the Plaintiff based, in whole or in part, on adverse information contained in the consumer report.

17. The consumer report produced by the Defendant includes adverse information that predates the report by more than 7 years in violation of 15 U.S.C. § 1681c.

18. 15 U.S.C. § 1681c forbids a consumer reporting agency from including, in a consumer report, any adverse item of information, other than convictions of crimes, that antedates the report by more than seven years.

19. The report produced by the Defendant includes at least one adverse item of information, that is not a conviction of crimes, that antedates the report by more than seven years.

20. Defendant is aware of the FCRA.

21. Defendant has knowledge that it must comply with the FCRA.

22. Defendant is required to prepare all consumer reports in accordance with the FCRA.

23. Defendant's violation of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

## CLASS ACTION ALLEGATIONS

24. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

25. Plaintiff asserts the following proposed class defined as:

    **1681c Adverse Information Class:** All individuals who were the subject of one or more consumer reports in which the Defendant included items of adverse information that were not records of convictions of crimes which antedate the report by more than seven (7) years from April 24, 2013, through the conclusion

of this matter.

## Numerosity

26. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly produces consumer reports on individuals for employment purposes. End-users rely on the information contained in the report as being accurate legally considerable. Synchrony relies on the Defendant's consumer reports, in whole or in part, as a basis for adverse employment actions. Given the nature of Defendant's business, Plaintiff believes that during the relevant time period, a sufficient number of individuals would fall within the definition of the class.

## Common Questions of Law and Fact

27. Virtually all of the issues of law and fact in this class action predominate over any questions affecting individual class members. Among the questions of law and fact common to the class is:

    a. Whether Defendant complies with 1681c;

    b. Whether Defendant's violations of the FCRA were willful;

    c. The proper measure of statutory damages and punitive damages; and

## Typicality

28. Plaintiff's claims are typical of the members of the proposed class. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members. Defendant typically includes information in consumer reports that predate the report by more than seven years in violation of the FCRA. The FCRA violations suffered by Plaintiff are typical of those suffered by other class

members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

### Adequacy of Representation

29. Plaintiff, as representative of the class, will fairly and adequately protect the interests of the class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

### Superiority

30. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class members' claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

31. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the Putative Classes, so that declaratory and/or injunctive relief is appropriate respecting the Classes as a whole.

32. Class certification is also appropriate under Rule 23 of the Federal Rules of Civil Procedure because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative

Classes, and because a class action is superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

33. Plaintiff intends to send notice to all members of the Putative Classes to the extent required by Rule 23 of the Federal Rules of Civil Procedure. The names and address of the Putative Class members are available from Defendant's records.

## FCRA VIOLATIONS

34. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

35. Defendant utilizes a reporting format that inappropriately includes adverse information concerning the Plaintiff and other consumers.

36. Defendant violated the FCRA by including adverse information in violation of the Act.

37. Defendant's actions were negligent, reckless, and willful.

38. Defendant acted in deliberate or reckless disregard of its obligations and rights of

Plaintiff under the provisions of the FCRA. Defendant's negligent, reckless, and/or willful conduct is reflected by, among other things, the following facts:

a. Defendant has access to legal advice;

b. Defendant produced a consumer report on the Plaintiff that contained information that should not have been included in the report;

c. Defendant included information in the Plaintiff's consumer report that clearly violates the provisions of the FCRA; and

d. Defendant failed to abide by the FCRA.

39. Plaintiff is entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

40. Plaintiff is also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

41. Plaintiff is further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

## Negligence Per Se

42. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

43. The Defendant violated the provisions of the FCRA.

44. The FCRA is a consumer protection statute designed to protect the privacy of individuals and ensure accurate consumer reporting.

45. Plaintiff is a consumer designed to be protected by the FCRA.

46. The Defendant's decision to include illegal information in the consumer report violated the FCRA.

47. A consumer reporting agency's reporting of improper information is one of the

purposes the FCRA was designed to protect against.

48. A consumer reporting agency's reporting of time barred adverse information is one of the purposes the FCRA was designed to protect against.

49. Defendant's violation of the FCRA has injured the Plaintiff.

50. Defendant's violation of the FCRA is the cause of Plaintiff's injury.

51. Defendant's failure to abide by the FCRA's mandates violates the company's legal duty.

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

a. An Order that this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure;

b. Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

c. Order directing proper notice to be mailed to the Putative Classes at Defendant's expense;

d. Order finding that Defendant committed multiple, separate violations of the FCRA;

e. Order finding that Defendant acted negligently, recklessly, and/or willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

f. Order awarding statutory damages and punitive damages as provided the FCRA;

g. Order awarding reasonable attorneys' fees and costs as provided by the

        FCRA; and

h.    Order finding that the Defendant breached the implied contract with the Plaintiff and other class members;

i.    Order granting other and further relief, in law or equity, as allowed by law and as this Court may deem appropriate and just.

j.    Order finding that the Plaintiff has made a submissible case of negligence per se and order all appropriate damages, attorneys' fees and costs, and all other relief allowed by law.

## **Demand for Jury Trial**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed class have a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown KS 70700
Jayson A. Watkins KS 78463
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF